IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN C. DISTEFANO and
GODESK, LLC,

                Plaintiffs,                OPINION and ORDER

v.

                                                  23-cv-657-wmc

NORDIC CONSULTING PARTNERS, INC.,

                Defendant.

---

      This case concerns a business dispute arising from the parties' efforts to develop and monetize a healthcare software platform called Wellward. Plaintiff John C. Distefano alleges that he conceptualized the Wellward platform and that he owns intellectual property related to its design and function. Per Distefano, he and his company goDesk, LLC entered into agreements with defendant Nordic Consulting Partners, Inc. wherein, very broadly speaking, Distefano would bring the ideas and Nordic would provide the programmers to make Wellward a reality. But that didn't happen. According to Distefano, Nordic misled him, failed to follow through on the terms of their agreements, and stole his ideas. Plaintiffs bring claims for a variety of breaches of contracts, unjust enrichment, declaration of copyright interest, and misrepresentation. Dkt. 47.[1]

      Now before the court is plaintiffs' motion to compel. Dkt. 63. Plaintiffs want access to all versions of the Wellward source code in Nordic's possession. Plaintiffs also want Nordic

---

[1] The operative pleading at this point is plaintiffs' first amended complaint. Plaintiffs filed a motion for leave to file a second amended complaint, which defendant opposes. *See* Dkt. 57. For the purposes of resolving this motion to compel, the court has judged relevancy based on the claims in the operative first amended complaint. Even so, it does not appear the relevancy analysis would be any different under the second amended complaint.

to disclose the search terms that it used to search for documents in discovery. Finally, plaintiffs want to search the documents of three additional custodians. For the reasons below, the court grants plaintiffs' request for access to the Wellward source code and denies the motion in all other respects.

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Plaintiffs' motion concerns three types of information: the Wellward source code, the search terms Nordic used in discovery, and documents held by three additional custodians, each discussed in turn:

**Source code.** The production or inspection of source code, or any other computer program, may be a touchy topic in discovery, particularly when the parties have trust issues. The code may be considered proprietary. If closely held, there may be difficulties in granting access to an outside party. And yet, production or inspection of code may be necessary for a case to proceed. The relevancy and proportionality inquiries of Rule 26(b)(1) apply to source code, just like all other information. And if the standard is met, the court will compel its production. Of course, reasonable care should be taken to protect any confidential and

2

proprietary aspects of the code. This can be done by arranging for a closed inspection of the code or putting other safeguards in place. The parties should approach these tasks cooperatively from a place of reasoned practicality.

It is unclear whether an inspection has already happened in this case. To the extent it has not, the court will require Nordic to make the Wellward source code available to plaintiffs for review. Nordic contends that the code is not relevant, and notes that plaintiffs have not provided any expert declaration explaining why the code is necessary to the case. But plaintiffs assert an unjust enrichment claim, alleging that Nordic has "received a benefit through monetizing" Wellward, dkt. 47 at ¶ 159–61, so the source code appears to bear on the issues of valuation and damages at the very least and should be produced.

Despite its professed reservations about relevance, Nordic states in its response to plaintiffs' motion that it will make the source code available for inspection subject to the court's protective order. Nordic contends that plaintiffs "abruptly" filed their motion to compel before the parties had finished conferring on the terms of production, dkt. 70 at 5, but plaintiffs first requested production of the code nearly a year ago and were denied, *see* dkt. 65-1. They further accuse Nordic of engaging in "delay tactics." Dkt. 65 at 2. As is often the case, how this issue came to a head, and which party is more at fault, is not entirely clear. The court expects, however, that the parties will now promptly agree to terms to safeguard the confidentiality of the code and make quick work of this inspection, if it has not already taken place.[2]

**Search terms.** The court will deny plaintiffs' motion as to the production of search terms. The court encourages parties to agree upon search procedures at the outset of any

---

[2] Promptly means sufficiently in advance of the expert disclosure deadline for any experts to include the information in their reports, if desired. Dkt. 74.

3

litigation, and such procedures may sometimes include search terms depending on the needs of the case. And while it may be good practice, none of the applicable rules—namely, Rules 26, 34, or 37—require parties to exchange search terms, agree to certain search terms, or even use search terms. Even so, Nordic did disclose its search terms in response to plaintiffs' motion to compel, dkt. 70 at 6, and has produced over 38,000 documents. Nordic has also agreed to run plaintiffs' additional proposed search terms except for the common name "John" and to produce any resulting documents. Dkt. 65-5 at 5. Plaintiffs, for their part, do not identify any documents that Nordic has failed to produce. The court will not obligate Nordic to do more.

**Custodians.** Nor will the court obligate Nordic to search the documents of plaintiffs' remaining three proposed custodians. Rule 26(b)(1) requires that discovery be "proportional to the needs of the case." Nordic collected relevant documents from its Chief Executive Officer, from its Managing Director of Digital Health involved in the development of the Wellward platform, from its Advisory Services Consultant involved in developing, coding, and testing the platform, from a subcontractor also involved in developing, coding, and testing the platform as well as its marketing and sales, and from plaintiff Distefano. Nordic has since searched the documents of three additional custodians at plaintiffs' request, dkt. 65-5 at 4, yet plaintiffs continue to press Nordic to also search the documents of its General Counsel, its Chief Operating Officer who reported directly to the CEO, and an individual involved in Nordic's acquisition and Wellward's valuation. Plaintiffs fail to explain why they "have reason to believe" their proposed additional custodians "are likely to have relevant, non-privileged information" that has not already been identified and produced. Dkt. 65 at 9. Because Nordic has produced voluminous documents from a wide array of individuals, requiring it to collect more from the three remaining proposed custodians would be unreasonably cumulative.

ORDER

IT IS ORDERED that plaintiffs' motion to compel production of documents, dkt. 63, is GRANTED in part and DENIED in part.

Entered May 17, 2024.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge