IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

JOHN C. DISTEFANO and
GODESK, LLC,

                                        Plaintiffs,                      OPINION and ORDER

    v.

                                                                           23-cv-657-wmc

NORDIC CONSULTING PARTNERS, INC.,

                                        Defendant.
───────────────────────────────────────────────────────────────

      This case concerns a business dispute arising from the parties' efforts to develop and monetize a healthcare software platform called Wellward. Plaintiff John C. Distefano alleges that he conceptualized the Wellward platform and that he owns intellectual property related to its design and function. Per Distefano, he and his company goDesk, LLC entered into agreements with defendant Nordic Consulting Partners, Inc. wherein, very broadly speaking, Distefano would bring the ideas, and Nordic would provide the programmers to make Wellward a reality. But that didn't happen. According to Distefano, Nordic misled him, failed to follow through on the terms of their agreements, and stole his ideas. Plaintiffs bring claims for a variety of breaches of contracts, unjust enrichment, declaration of copyright interest, and misrepresentation. Dkt. 47. Defendant denies these allegations and has counterclaimed for fraud and breach of contract. Dkt. 99.

      Now before the court is defendant's motion to compel responses to interrogatories and requests for production defendant sent June 24, 2025. Dkt. 171. For the reasons stated below, the court grants in part and denies in part defendant's motion.

ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

**A.  Interrogatories Nos. 20 & 22–24**

Defendant asked plaintiffs to identify documents that support their contention that Wellward was fully developed by the time Distefano began working with defendant. Dkt. 172-2 (Interrog. No. 20). Defendant further requested plaintiffs to identify by Bates Number "every document or portion thereof" containing or constituting flowcharts, schematics, and other technical specifications that were created before Distefano's time with Nordic that supports their claim that Wellward was already "fully developed." *Id*. (Interrog. Nos. 22–24). In their answer, plaintiffs listed a series of documents by Bates Number but did not specify which pages of the documents contained or constituted the schematics, flowcharts or technical specifications. Dkt. 172-3. Additionally, plaintiffs specified that it was a "non-exhaustive list of documents." *Id.*

Defendant now argues that listing the documents without identifying the relevant portions and failing to provide a complete list of responsive documents was deficient. Dkt. 171 at 6–7. Plaintiffs respond that their answer adhered to defendant's invitation to identify "documents *or* portion thereof" (emphasis in original) and that defendant's request for a

2

complete list of documents is both disproportionate to the needs of the case and overly burdensome, if not impossible, given the current state of plaintiffs' access to or knowledge of all responsive documents. Dkt. 174 at 7– 9.

These interrogatories seek relevant information because they bear on the extent to which Wellward was developed before the parties entered into a business relationship, which is central to plaintiffs' theories. The requests are also, for the most part, proportional to the needs of the case. Specifying Bates Numbers and relevant pages of the documents is not an onerous request. Plaintiffs should be in a position to provide this information at this stage in the case—the information sought is in plaintiffs' possession, and discovery is now closed. Pointing to entire documents does not supply the same level of information. Worse, it may supply inaccurate information by being overly broad. Plaintiffs must specify the page numbers or sections of the documents that contain or constitute the purported flowcharts, schematics, or other technical specifications.

However, the court agrees with plaintiffs that requests for "every document" is difficult if not impossible to abide by, so the court will only require plaintiffs to include documents sufficient to cover each feature of Wellward purportedly developed prior to plaintiffs' relationship with defendant. This should provide defendant the information it needs to prepare for trial.

Defendant's motion as it pertains to Interrogatories Nos. 20 and 22–24 is GRANTED in part and DENIED in part.

B. Interrogatory No. 21

Interrogatory No. 21 asks plaintiffs to explain in detail how each document or portion of each document evidences or embodies the alleged features in the Wellward platform. *See*

3

Dkt. 171 at 3. For all eighteen documents identified in their response, plaintiffs listed words associated with Wellward without identifying specific parts of the listed documents or explaining how they demonstrate the purported features. Dkt. 172-3 at 4–5.

Defendant now argues plaintiffs' generic and vague response was deficient. Dkt. 171 at 4–5. Plaintiffs respond that bullet pointing "each document" and identifying "the specific alleged features" is sufficient. Dkt. 174 at 3. They also argue it sufficed under Fed. R. Civ. P. 33(d), which allows a party to respond by identifying records if reviewing those records would answer the question posed.

Plaintiffs' response was deficient, and their arguments are unpersuasive. A Rule 33(d) response will rarely satisfy a "how" interrogatory, which, in this case, required plaintiffs to articulate the ways in which the identified documents supported their contention. By merely listing documents and associated words, plaintiffs evaded the "how" central to defendant's request. At this point, plaintiffs should be prepared to answer how documents support their contentions.

Plaintiffs objected to the request as overbroad and unduly burdensome, noting that defendant demands an in-depth explanation of how eighteen documents embody nine different features. Dkt. 174 at 4. The court overrules this objection. Even if plaintiffs contend that all eighteen documents embody or demonstrate all nine features, that combination is not an impossible number to address and is proportional based on this stage of the case.

Defendant's motion as it pertains to Interrogatory No. 21 is GRANTED.

## C. Requests for Production

Defendant's Request No. 59 seeks documents showing goDesk's current assets, and Request No. 60 asks for documents evidencing all transactions involving goDesk's assets that

4

occurred in the last five years. Dkt. 171 at 8. Defendant makes two relevance arguments, but the court finds neither very persuasive.

First, defendant argues responsive documents could show that bonuses paid to goDesk were transferred to Distefano's personal account so quickly that there is no meaningful distinction between Distefano and goDesk. *Id.* at 9. This argument is speculative and underdeveloped, particularly considering that discovery is closed. Defendant does not persuasively explain how this idea is relevant to any active claim or defense. Second, defendant asserts that an understanding of plaintiffs' assets bolsters its indemnification counterclaim against goDesk, *id.* at 9, but this is a post-judgment argument and not currently relevant.

Because these requests seek only irrelevant information, the court does not need to consider proportionality but would agree with plaintiffs on those points too; as written, the requests are overbroad. If defendant needs to collect on a money judgment further down the road, these requests can be reworked and then revisited.

Defendant's motion as it pertains to Requests Nos. 59 and 60 is DENIED.

ORDER

IT IS ORDERED that:

1. Defendant's motion to compel, Dkt. 171, is GRANTED in part and DENIED in part in line with the opinion above.

2. The parties bear their own costs in litigating this motion.

Entered September 10, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR

5

Magistrate Judge