IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN C. DISTEFANO and
GoDesk, LLC,

                           Plaintiffs,                     OPINION and ORDER

    v.

                                                                   23-cv-657-wmc

NORDIC CONSULTING PARTNERS, INC.,

                           Defendant.

      This case concerns a business dispute arising from the parties' efforts to develop and monetize a healthcare software platform called Wellward. Plaintiff John C. Distefano alleges that he conceptualized the Wellward platform and that he owns intellectual property related to its design and function. Per Distefano, he and his company goDesk, LLC, entered into agreements with defendant Nordic Consulting Partners, Inc., wherein, very broadly speaking, Distefano would bring ideas, and Nordic would provide the programmers to make Wellward a reality. But, according to Distefano, Nordic misled him, failed to follow through on the terms of their agreements, and stole his ideas. Plaintiffs bring claims for a variety of breaches of contracts, unjust enrichment, declaration of copyright interest, and misrepresentation. Dkt. 47. Defendant denies these allegations and has counterclaimed for fraud and breach of contract. Dkt. 99.

      Plaintiffs have filed a motion for sanctions claiming that defendant spoliated materials they say relate to the development of Wellward, its commercial viability, and its value. The parties submitted briefs and supporting materials, which the court has reviewed. Because the prerequisites for imposing sanctions under Fed. R. Civ. P. 37(e) are not met, the court DENIES plaintiffs' motion.

ALLEGATIONS OF FACT

Plaintiffs seek sanctions for defendant's alleged spoliation of materials related to four different categories: (1) DevOps, the environment where the Wellward development team stored technical development information, (2) a SharePoint server hosting 19–30 gigabytes of information related to Wellward, (3) a Wellward demo website and a non-public-facing Wellward demo, and (4) Distefano's personal OneDrive repository stored on shared electronic drives managed by defendant's information technology department. Dkt. 104 at 9–13. Plaintiffs allege that defendant deleted relevant information from all of the above sources despite defendant's legal obligation to preserve it. *Id.* at 13.

To support their allegations, plaintiffs rely primarily on deposition testimony given by defendant's employee, Dee Selgrath, who was the Wellward product manager at Nordic. *Id.* at 14. Selgrath testified in her deposition that certain Wellward test data had been deleted, and backups of the data had not been retained. *See* Dkt. 104-1 at 41, 111. Other than this testimony, plaintiffs' suspicion that materials had been irrevocably deleted was inferred from the fact that defendant did not produce the materials during discovery. *See* Dkt. 104 at 16–17 (explaining how "Discovery has confirmed Selgrath's testimony that this information is gone. . . . Nordic made production impossible because it had [irrevocably deleted] this information" and "Nordic also appears to have deleted all or nearly all of the information from the Wellward SharePoint" because "no documents . . . have been produced from the Wellward SharePoint site" despite numerous gigabytes of Wellward-related information being stored there).

Plaintiffs seek relief under Fed. R. Civ. P. 37(e), including an instruction granting adverse inferences pertaining to all the allegedly deleted information, Dkt. 104 at 23, an order

precluding defendant from arguing its counterclaim that the Wellward software was "useless vaporware," *id.* at 27, and attorney's fees related to obtaining the relief they sought, *id.* at 32.

Defendant has responded to the motion and reports that, except for a sub-category of testing information, all the allegedly spoliated information and data was not destroyed, but, rather, was simply not produced. *See generally* Dkt. 121. Plaintiffs do not meaningfully contest defendant's representation that the materials still exist. Instead, plaintiffs pivot and argue in reply that the materials should have been produced during discovery. Dkt. 129 at 4–5.

## LEGAL STANDARD

Plaintiffs move for sanctions under Fed. R. Civ. P. 37(e), which provides a standard procedure for handling issues regarding a party's failure to preserve electronically stored information. The rule lists three prerequisites that the court must find before it may consider relief: (1) that the information should have been persevered in the anticipation or conduct of litigation, (2) the information was lost because the offending party failed to take reasonable steps to preserve it, and (3) the information cannot be restored or replaced through additional discovery. *Freidig v. Target Corp.*, 329 F.R.D. 199, 206–07 (W.D. Wis. 2018).

Once the prerequisites are established, the court may consider relief under subsections (1) or (2), depending on the intent of the party that failed to preserve the evidence. But as explained below, the court does not need to reach the question of relief here because plaintiffs have failed to establish the prerequisites.

ANALYSIS

The obvious problem with plaintiffs' position is that the vast majority of the materials they said were destroyed were not. Plaintiffs' mistake appears to stem from their assumption that, because materials were not produced, they must not exist. This mistake could have and should have been cleared up before filing a Rule 37(e) motion for sanctions.

Plaintiffs now say production of the materials should be compelled, but a motion alleging spoliation is not the proper place to press for that, particularly when that argument was raised for the first time on reply. If plaintiffs believed they were entitled to the disputed information, they should have requested the information via proper discovery requests, met and conferred if the requests were refused, and filed a motion to compel if they reached an impasse. Because the information at issue was not "lost" as Rule 37(e) requires, plaintiffs' motion is denied in all respects except for the next point regarding the Wellward test data.

The one exception to the inapplicability of Rule 37(e) appears to be the Wellward test data. Selgrath testified that the data used to test Wellward's source code may have been automatically deleted. Dkt. 104-1 at 103–104. But defendant explains that the test *data*, which comprises the underlying facts and numbers fed into Wellward to test it, is different than the test *cases*, which embody each iteration of the tests run on Wellward, including the results of the tests. Dkt. 121 at 14–15. Defendant asserts that the potentially deleted test data is not relevant to the issues in the case, which mainly concern ownership of the software and the nature of the parties' business relationship. *Id.* at 15–16. But plaintiffs insist that certain deleted testing information could show that Wellward was commercially viable and valuable, which could be relevant to rebutting defendant's counterclaim. Dkt. 129 at 14, 17.

Even assuming certain testing information was not retained, it is not clear that this information could not be replicated or that substantially similar information could not be derived or gleaned in some other fashion. Because it is not clear from the record that the information at issue "cannot be restored or replaced through additional discovery," plaintiffs' motion is denied with respect to the test data as well. But because there is enough in plaintiffs' motion to suggest that Rule 37(e) could be satisfied with additional information relating to this testing information, the court will deny the motion without prejudice on this particular issue to allow its renewal for trial should the case proceed to that stage.

## ORDER

IT IS ORDERED that:

1. For the reasons given in this opinion, plaintiffs' motion, Dkt. 104, is DENIED as set forth above.
2. The parties bear their own fees and costs.
3. Plaintiffs may renew the request for a sanction on the test data in their pretrial filings, which are due October 31, 2025.

Entered September 29, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge